1    BRIAN CRONE, State Bar No. 191731
ERICK C. TURNER, State Bar No. 236186
2    BERRY & BLOCK LLP
2150 River Plaza Drive, Suite 415
3    Sacramento, CA 95833
(916) 564-2000
4    (916) 564-2024 FAX

5

6    Attorneys for Defendant
WALGREEN CO.      **E-filing**

7

8            **UNITED STATES DISTRICT COURT**

9    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10    MOHAMMED KHAN,          )   Case No. **CV 11 2956 DMR**
                                   )
11        Plaintiff,            )   **DEFENDANT WALGREEN CO.'S**
                                   )   **NOTICE TO FEDERAL COURT OF**
12    v.                          )   **REMOVAL OF CIVIL ACTION FROM**
                                   )   **STATE COURT PURSUANT TO 28**
13    WALGREENS CO., a corporation; and   )   **U.S.C. § 1332 (DIVERSITY)**
DOES 1-50 inclusive,           )
14                                    )
       Defendants.          )   *Complaint filed: 5/10/2011*
15                                    )

16       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

17    NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF MOHAMMED KHAN AND

18    HIS ATTORNEY OF RECORD:

19                      I.     **JURISDICTION**

20       1.      This action has been removed and jurisdiction is proper pursuant to Sections

21    1332, 1441 and 1446 of Title 28 of the United States Code.

22       2.      Defendant Walgreen Co. ("Walgreens") hereby gives Notice of Removal of the

23    above-captioned action from the Alameda County Superior Court, Case No. HG11575071, to

24    this Court, and states:

25             On or about May 16, 2011, Walgreens was served by Plaintiff Mohammed Khan

26    ("Khan") with a copy of the Summons and Complaint in the underlying state court action, filed

27    May 10, 2011 and captioned: *MOHAMMED KHAN, an individual v. WALGREENS CO., a*

28    *corporation; and DOES 1-50 inclusive*, (Alameda County Superior Court, Case No.

1

1   HG11575071) (the "Complaint"). A copy of the Summons and Complaint are attached hereto

2   as **Exhibit A**. A copy of Defendant Walgreen Co.'s Answer to Plaintiff's Complaint is attached

3   hereto as **Exhibit B**.

4                      II.      **DIVERSITY EXISTS BETWEEN THE PARTIES**

5           1.      Complete diversity exists between Plaintiff and Walgreens pursuant to 28 U.S.C.

6   § 1332(a)(2), as follows:

7                   a.      At all times relevant herein, Plaintiff was, and is, a citizen of the State of

8   California. (Complaint, ¶ 1.)

9                   b.      At all times relevant herein, Walgreens was, and is, incorporated under the

10  laws of the State of Illinois and maintains its principal place of business in Deerfield, Illinois.

11  (Declaration of Christopher Murray ("Murray Decl."), ¶ 2.) Walgreens' corporate headquarters is

12  located in Deerfield, Illinois, and is the nerve center from which the corporation's high level

13  officers direct, control, and coordinate the corporation's activities. Corporate level decisions are

14  made and the policies and procedures governing the operations of Walgreens retail stores and

15  pharmacies are determined at the Deerfield, Illinois Corporate headquarters. (*Id.*) As a result,

16  Walgreens is a corporate citizen of Illinois. *See* 28 U.S.C. § 1332(c).

17          2.      As the only parties to this lawsuit are Walgreens and Plaintiff, complete diversity

18  exists.

19      III.   **INCLUSION OF DOE DEFENDANTS DOES NOT DEFEAT DIVERSITY**

20          1.      "For purposes of removal the citizenship of defendants sued under fictitious

21  names shall be disregarded." 28 USC § 1441(a) (emphasis added). Thus, Plaintiff's inclusion of

22  "Doe" defendants in his Complaint has no effect on removability. In determining whether

23  diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf*

24  *Coors Co.* 157 F3d 686, 690–691 (9th Cir. 1998).

25      IV.    **THE "MATTER IN CONTROVERSY" REQUIREMENTS OF 28 U.S.C. § 1332(a)**

26                              **ARE MET**

27          1.      The "matter in controversy" requirements of 28 U.S.C. § 1332(a) are met in this

28  matter because the damages claimed by Plaintiff exceed $75,000. In determining the "matter in

2

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

1 | controversy," a Court may consider a settlement demand made by Plaintiff. *See Cohn v.*
2 | *Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (the plaintiff's settlement demand of "more
3 | than $100,000" satisfies "matter in controversy" requirements of 28 U.S.C. § 1332). Plaintiff
4 | has made a pre-litigation settlement demand in the amount of $95,000.00. (Declaration of Erick
5 | C. Turner, Esq. ("Turner Decl."), ¶ 2.)

6 |      2.    The "matter in controversy" also may be determined based on the facts and
7 | claims alleged, "even though [the Complaint] did 'not specify the numerical value of the
8 | damage claim.'" *McPhail v. Decure & Co.,* 529 F.3d 947, 955-56 (10th Cir. 2008) (*quoting*
9 | *Lucelett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Here, Plaintiff claims that,
10 | among other things, he has been the victim of discrimination based on disability, failure to
11 | accommodate, failure to engage in the interactive process, and failure to prevent discrimination.
12 | He now prays for damages including compensatory damages, exemplary and punitive damages,
13 | and attorneys' fees. (**Exhibit A.**) Plaintiff's Complaint alleges a variety of egregious facts and
14 | numerous claims, which are in controversy in this case. Plaintiff claims that he was subjected to
15 | discrimination based on her disability and that Walgreens failed to engage in the interactive
16 | process and/or accommodate his alleged disability.   Walgreens denies each of Plaintiff's
17 | allegations.

18 |     On these facts, Plaintiff alleges claims for:
19 |     a)    Disability discrimination;
20 |     b)    Failure to accommodate;
21 |     c)    Failure to engage in interactive process; and
22 |     d)    Failure to prevent discrimination.
23 |     3.    Based on these alleged facts and claims, Plaintiff seeks the following recovery:
24 |     a)    For a money judgment representing compensatory, special, and general damages
25 | including lost wages and related benefits, emotional distress, and all other sums of money;
26 |     b)    Punitive damages;
27 |     c)    Attorneys' fees;
28 |     d)    Costs of suit; and

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

1    e)      Prejudgment interest.

2    4.      Damage awards in discrimination cases alleging similar claims consist of actual

3  damages, general damages, punitive damages, and attorneys' fees.   Such recoveries routinely

4  exceed the $75,000 jurisdictional threshold.   Plaintiff also seeks the recovery of compensatory

5  damages to compensate him for alleged "emotional distress." To establish the probable scope of

6  damages, a defendant may introduce evidence of jury verdicts in cases involving analogous

7  facts.  *See Faulkner v. Astro-Med, Inc.*, 1999 WL 820198, *4 (N.D. Cal. 1999); *Miller*, 1997

8  WL 136242 at *4.  To this end, Walgreens highlights several cases with allegations similar to

9  this one with substantial damage awards:

10    a)     *Wysanger v. Automobile Club of Southern California*, 57 Cal.App.4th 413 (2008)

11           (affirming award of $250,000 in compensatory damages and $1 million in

12           punitive damages; failure to engage in interactive process and discrimination

13           based on disability.)

14    b)     *Harvey v. Sybase, Inc.*, 161 Cal.App.4th 1547 (2008) (enforcing award of $1.3

15           million in compensatory damages and $500,000 in punitive damages on claims of

16           employment discrimination, harassment, and retaliation.)

17    c)     *McGee v. Tucoemas Federal Credit Union*, 153 Cal.App.4th 1351 (2007)

18           (affirming award of $750,000 in compensatory damages and $1.2 million in

19           punitive damages on failure to accommodate disability claim.)

20    d)     *Arevalo v. Oregon Dept. of Motor Vehicles*, 208 F. Supp.2d 1160 (D. Or. 2002)

21           (upholding $250,000 compensatory damages award in lawsuit alleging

22           discrimination.)

23    e)     *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003)

24           (upholding $360,000 compensatory damages award in lawsuit alleging

25           discrimination.)

26    5.      A Court also may consider claims for punitive damages in determining the

27  amount in controversy.  *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)

28  (court applies "only common sense" to determine that claim for punitive damages likely will

4

1  exceed "matter in controversy" requirements for diversity jurisdiction); *see also Aucina v.*
2  *Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994) (punitive damages claim against
3  Fortune 500 company makes it "apparent plaintiff's claims for punitive damages alone might
4  exceed [the statutory amount].") Walgreens is one of the country's largest pharmacy chains in
5  the nation. While Walgreens denies that Plaintiff is entitled to recover any damages, much less
6  punitive damages, given the size of Walgreens' business operations, it is "apparent," *id*, that
7  Plaintiff is likely to claim punitive damages in excess of $75,000.

8      6.      In addition, the court may consider Plaintiff's claim for attorneys' fees under
9  FEHA (Cal. Gov't. Code § 12965(b)), because he is entitled to them by statute in the event he
10 prevails.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) ("Where an
11 underlying statute authorizes an award of attorneys fees, either with mandatory or discretionary
12 language, such fees may be included in the amount in controversy."); *Grant v. Chevron Phillips*
13 *Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) cert denied 583 U.S. 945 (attorneys fees available
14 under state statute must be considered in amount in controversy whether award of fees is
15 mandatory or discretionary). Attorneys' fees in employment cases routinely exceed $75,000.

16                  **V.      INTRADISTRICT ASSIGNMENT**

17     1.      This case is properly assigned to the United States District Court for the Northern
18 District of California, as the alleged events that give rise to the Complaint occurred within that
19 jurisdictional district.

20                        **VI.      CONCLUSION**

21     1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332,
22 and the state court action therefore is removable pursuant to 28 U.S.C. § 1441, because this is a
23 civil action between citizens of different states and the matter in controversy exceeds the sum of
24 $75,000.00, exclusive of interest and costs, as described above.

25     2.      Contemporaneously with the filing of this pleading with the Clerk of the United
26 States District Court for the Northern District of California, Defendant is filing a Notice to State
27 Court of Removal of Civil Action to Federal Court, attached hereto as **Exhibit C**, with the Clerk
28 of the Alameda County Superior Court.

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

1        3.       Contemporaneously with the filing of this pleading with the Clerk of the United

2  States District Court for the Northern District of California, Defendant is filing a Notice to

3  Adverse Party of Removal of Civil Action to Federal Court, attached hereto as **Exhibit D**.

4        4.       By this Notice of Removal, Walgreens does not waive any defenses it may have

5  including, but not limited to, lack of personal or subject matter jurisdiction, insufficiency of

6  service, absence of service, and any defense that it may assert pursuant to Rule 12 of the Federal

7  Rules of Civil Procedure, and hereby expressly reserves the right to assert any such defense in

8  this action.

9

10  DATED:  June 14, 2011                          BERRY & BLOCK LLP

11

12                                    By_____

                                     BRIAN CRONE

13                                   ERICK C. TURNER

                                   Attorneys for Defendant

14                                   WALGREEN CO.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT WALGREEN CO.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

Exhibit A

1  MAYALL, HURLEY, KNUTSEN, SMITH & GREEN
A Professional Corporation
2  2453 Grand Canal Boulevard, Second Floor
Stockton, California 95207-8253
3  Telephone (209) 477-3833
NICHOLAS J. SCARDIGLI
4  CA State Bar No. 249947
PETER A. DEVENCENZI
5  CA State Bar No. 266189

6  Attorneys for Plaintiff, MOHAMMED KHAN

7

ENDORSED
FILED
ALAMEDA COUNTY

2011 MAY 10  PM 2: 41

CLERK OF THE SUPERIOR COURT

BY: CECILIA ARCHULEDO

8  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  ### COUNTY OF ALAMEDA     H G 1 1 5 7 5 0 7 1

10

MOHAMMED KHAN,

11        Plaintiff,

12  vs.

13

14  WALGREEN CO. a corporation; and
DOES 1-50 inclusive,

15

16        Defendants.

17

Case No.:

COMPLAINT FOR DAMAGES FOR

1.  **DISABILITY DISCRIMINATION**
2.  **FAILURE TO ACCOMMODATE**
3.  **FAILURE TO ENGAGE IN
    INTERACTIVE PROCESS**
4.  **FAILURE TO PREVENT
    DISCRIMINATION**

**JURY TRIAL DEMANDED**

18        Plaintiff MOHAMMED KHAN brings this action against WALGREEN CO., a

19  corporation; and DOES 1 through 50, for general, compensatory, punitive, and statutory

20  damages, costs and attorneys' fees, resulting from the defendants' unlawful and tortious conduct,

21  as ground therefore alleges:

22                          **PARTIES**

23        1.      Plaintiff MOHAMMED KHAN ("KHAN") is an individual and is, and was at all

24  times relevant herein, a resident of San Joaquin County, California.  At all times relevant herein,

25  KHAN was employed in Alameda County, California, and an "employee" as defined by

26  California Government Code § 12926.

27        2.      KHAN is informed and believes and thereon alleges that Defendant WALGREEN

28  CO. (WALGREENS) is an Illinois corporation qualified to do business in the State of California

Complaint for Damages
Page 1 of 9

1   and runs a nationwide chain of pharmaceutical convenience stores.  KHAN is informed and

2   believes and thereon alleges that WALGREENS is an "employer" as defined by Gov. Code §§

3   12926(d), 12940(a), and 12940(j)(4)(A).

4         3.     KHAN is informed and believes and thereon alleges that George Sharp was a

5   supervisor as defined by Gov. Code § 12926(r).

6         4.     KHAN is informed and believes and thereon alleges that Dan Kidson was also a

7   supervisor as defined by Gov. Code § 12926(r).

8         5.     KHAN is informed and believes and thereon alleges that Kristie Penada was also

9   a supervisor as defined by Gov. Code § 12926(r).

10         6.     KHAN is not aware of the true names and capacities of the defendants sued herein

11   as DOES 1 through 50, whether individual, corporate, associate, or otherwise, and therefore sues

12   such defendants by these fictitious names.  KHAN will amend this Complaint to allege their true

13   names and capacities when ascertained.   KHAN is informed and believes, and on that basis

14   alleges, that each of the fictitiously named defendants is responsible in some manner for the

15   occurrences herein alleged and that KHAN's injuries and damages herein alleged were legally

16   caused by such defendants.  Unless otherwise indicated, each defendant was acting within the

17   course and scope of said agency and/or employment, with the knowledge and/or consent of said

18   co-defendant.

19         7.     KHAN is informed and believes and thereupon alleges that at all times mentioned

20   herein, each of the defendants, including each DOE defendant, was acting as the agent, servant,

21   employee, partner and/or joint venturer of and was acting in concert with each of the remaining

22   defendants, including each DOE defendant, in doing the things herein alleged, while at all times

23   acting within the course and scope of such agency, service, employment partnership, joint

24   venture and/or concert of action.  Each defendant, in doing the acts alleged herein, was acting

25   both individually and within the course and scope of such agency and/or employment, with the

26   knowledge and/or consent of the remaining defendants.

27   ///

28

Complaint for Damages
Page 2 of 9

1

**VENUE AND JURY TRIAL DEMAND**

2        8.     Venue is proper in this court because the discriminatory acts alleged herein took

3  place in Alameda County, California, and KHAN's former place of employment with

4  WALGREENS is located within Alameda County, California. KHAN hereby demands a jury

5  trial.

6

**GENERAL ALLEGATIONS**

7        9.     KHAN, 50 year old male, began his employment with WALGREENS on or about

8  April 15, 1994, as an Assistant Manager, whose duties included, among other things, overseeing

9  store operations and supervising other employees.

10       10.    KHAN injured his back and broke his left arm while working for WALGREENS.

11  KHAN filed claims for worker's compensation for both injuries and received medical treatment.

12       11.    On or about August of 2009, KHAN was working at the Foothill Boulevard store

13  in Hayward California. The store Manager, Mr. Sharp, went on medical leave for his gallbladder

14  and put KHAN in charge of running the store.

15       12.    KHAN took over as store manager until the district manager, Dan Kidson came in

16  and expressed displeasure that KHAN was running the store. Mr. Kidson transferred another

17  employee named Mr. Chew take over, returning KHAN to his position as Assistant Manager.

18       13.    On or about November of 2010, KHAN informed Mr. Sharp that his back was

19  causing him pain and he needed to see a doctor. KHAN also informed Mr. Sharp that he planned

20  on filing another worker's compensation claim.

21       14.    Approximately one week later, WALGREENS began to target KHAN. Loss

22  prevention manager John Miles began making bizarre allegations that KHAN was taking pictures

23  of the inside of the store with his cell phone and sending them to Mr. Sharp.  KHAN denied

24  these allegations.

25       15.    Mr. Miles further accused KHAN of not being able to do his job, telling him,

26  "You are too slow," and asking him, "Why do you assign your tasks to other employees?"

27  KHAN explained that he had medical disabilities from injuring his back and arm on the job and

28

1   this is why he had to assign certain tasks to other employees, such as heavy lifting or bending.

2   Mr. Miles responded by telling him "You just can't get the job done" and "Maybe you need to

3   change your prescription medication."

4       16.   KHAN asked Mr. Miles if he could bring in a witness because he was being

5   accused of things he did not do.  WALGREENS sent a community leader/manager from San

6   Jose named Kristie Penada to speak with KHAN.  KHAN explained to her that he had not taken

7   any pictures, he assigned tasks to other employees because of his medical problems, and that he

8   wanted to continue working as an Assistant Manager.  Ms. Penada told him he was a hard

9   worker and to keep up the good work.

10       17.   Nevertheless, Mr. Kidson was going to transfer KHAN to the Jackson store,

11   although Mr. Sharp would not allow it.  In fact, KHAN was such a good worker that Mr. Sharp

12   wanted him to finish setting up the Foothill Blvd. store for Christmas.  Accordingly,

13   WALGREENS transferred Mr. Ngyuen to Jackson instead of KHAN.

14       18.   Even so, Mr. Kidson showed up at the Fulton Blvd. store several more times and

15   expressed displeasure whenever KHAN was left in charge.  On or about December 9, 2010, Mr.

16   Kidson made KHAN wait outside the store until he finished talking with the managers inside.

17       19.   On or about December 10, 2010, the district manager and Ms. Penada called

18   KHAN into the office and terminated him on the pretext that he lied about taking pictures of the

19   inside of the store with his cell phone.  In reality, WALGREENS terminated KHAN because of

20   his disability.

21       20.   KHAN contacted Mr. Sharp that day and told him what happened.  Mr. Sharp told

22   KHAN: "It's like an innocent person going to jail."

23       21.   KHAN contacted WALGREENS' human resources department ("HR") and

24   explained everything that happened.  HR told KHAN he was fired because he didn't tell the loss

25   prevention manager the truth, but failed to investigate KHAN's complaint or provide him with

26   any termination papers.

27

28

Complaint for Damages
Page 4 of 9

22. Accordingly, on or about January 4, 2011, KHAN filed a complaint with the Department of Fair Employment and Housing against WALGREENS, alleging disability discrimination, failure to accommodate, failure to engage in interactive process, and failure to prevent discrimination. KHAN received a Right to Sue Notice against WALGREENS that same day.

23. The list of misconduct by WALGREENS in the above allegations is a partial list only, and by way of example.

24. Since being fired from WALGREENS, KHAN has suffered economic damages, including loss of wages, loss of benefits, medical expenses and other past and future economic damages. KHAN has also suffered emotional distress and physical symptoms as a result of this prolonged harassment, retaliation and termination of employment. As a further result of the wrongful acts of Defendants, and each of them KHAN has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to incur attorneys' fees and costs in connection therewith.

### FIRST CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(a)
#### (Disability Discrimination)
#### Against WALGREENS and DOES 1-50

25. KHAN hereby realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

26. FEHA explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of a physical or mental disability, pursuant to Gov. Code § 12940(a).

27. WALGREENS at all times material herein was KHAN's employer pursuant to Gov. Code § 12926(d) and was therefore barred from discriminating in its employment decisions on the basis of a physical or mental disability pursuant to Gov. Code § 12940(a).

28.     At all times herein mentioned, KHAN was qualified for his position at WALGREENS.

29.     Nonetheless, as set forth above, WALGREENS discriminated against KHAN based upon his disability, in violation of Gov. Code § 12940(a).

30.     As a direct and legal result of the defendants' discriminatory actions against him, KHAN has suffered emotional distress and physical symptoms, pain and suffering, has lost income and related benefits, past and future, and medical expenses.

31.     The acts taken toward KHAN were carried out by and/or ratified by the defendants and/or managing agent employees of the defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure or damage KHAN, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of the defendants, and each of them.

32.     Wherefore, KHAN has been damaged as set forth below and requests relief as hereafter provided.

### SECOND CAUSE OF ACTION
#### VIOLATION OF GOVERNMENT CODE § 12940(m)
#### (Failure to Accommodate)
#### Against WALGREENS and DOES 1-50

33.     KHAN hereby realleges and incorporates by reference Paragraphs 1 through 32 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

34.     FEHA requires an employer to "make reasonable accommodation for the known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

35.     WALGREENS at all times material herein was KHAN's employer pursuant to Gov. Code § 12926(d), and was therefore required to make reasonable accommodation for KHAN's disability, which was known by WALGREENS. Gov. Code § 12940(k). Nevertheless, WALGREENS failed to do so.

36.     As a direct and legal result of the defendants' discriminatory and harassing actions against him, KHAN has suffered emotional distress and physical symptoms, pain and suffering, has lost income and related benefits, past and future, and medical expenses.

37.     The acts taken toward KHAN were carried out by and/or ratified by the defendants and/or managing agent employees of the defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure or damage KHAN, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of the defendants, and each of them.

38.     Wherefore, KHAN has been damaged as set forth below and requests relief as hereafter provided.

### THIRD CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(n)
### (Failure to Engage in Interactive Process)
### Against WALGREENS and DOES 1-50

39.     KHAN hereby realleges and incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

40.     FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical disability or known medical condition." Gov. Code § 12940(n).

41.     WALGREENS at all times material hereto was KHAN's employer pursuant to Gov. Code §§ 12926(d) and 12940(j)(4), and knew of KHAN's disability or known medical condition.  However, WALGREENS failed to engage in a timely, good faith, interactive process to determine effective reasonable accommodations.

42.     As a direct and legal result, KHAN has suffered emotional distress and physical symptoms, pain and suffering, has lost income and related benefits, past and future, and medical expenses.

Complaint for Damages
Page 7 of 9

43.     The acts taken toward KHAN were carried out by and/or ratified by the defendants and/or managing agent employees of the defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure or damage KHAN, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of the defendants, and each of them.

44.     Wherefore, KHAN has been damaged as set forth below and requests relief as hereafter provided.

### FOURTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(k)
#### (Failure to Prevent Discrimination)
#### Against WALGREENS and DOES 1-50

45.     KHAN hereby realleges and incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46.     FEHA requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k),

47.     WALGREENS at all times material hereto was KHAN's employer pursuant to Gov. Code § 12926(d), and was therefore required to prevent discrimination and retaliation. Gov. Code § 12940(k).

48.     WALGREENS knew or should have known of the discrimination.  Among other things, WALGREENS approved and ratified said discrimination against KHAN.

49.     WALGREENS did nothing to rectify said discrimination.  Instead, WALGREENS terminated KHAN.

50.     As a direct and legal result of the defendants' discriminatory actions against him, KHAN has suffered emotional distress and physical symptoms, pain and suffering, has lost income and related benefits, past and future, and medical expenses.

51.     The acts taken toward KHAN were carried out by and/or ratified by the defendants and/or managing agent employees of the defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to

1 | injure or damage KHAN, thereby justifying an award to him of punitive damages in a sum

2 | appropriate to punish and make an example of the defendants, and each of them.

3 |     52.    Wherefore, KHAN has been damaged as set forth below and requests relief as

4 | hereafter provided.

5 | **PRAYER FOR RELIEF**

6 | WHEREFORE, KHAN prays judgment against Defendants as follows:

7 |     1.    For compensatory, special, and general damages, including lost wages and related

8 |         benefits, medical expenses, and emotional distress in an amount according to

9 |         proof, but in excess of the minimum jurisdictional limit of this Court;

10 |     2.    For punitive and/or exemplary damages;

11 |     3.    For statutory attorneys' fees and costs, including those available under Gov. Code

12 |         §12965(b) and Code of Civil Procedure § 1021.5;

13 |     4.    For prejudgment and post-judgment interest according to any applicable provision

14 |         of law or as otherwise permitted by law, including that available under Civ. Code

15 |         § 3287, according to proof; and

16 |     5.    For such other and further relief as the court deems proper.

17 |

18 | **DATED:** May 5, 2011

19 |                             **MAYALL, HURLEY, KNUTSEN, SMITH & GREEN**

20 |

21 |                       By_____

22 |                             NICHOLAS J. SCARDIGLI

                                PETER A. DEVENCENZI

23 |                                 Attorneys for Plaintiff,

                                MOHAMMED KHAN

24 |

25 |

26 |

27 |

28 |

Complaint for Damages
Page 9 of 9

Exhibit B

**FILED BY FAX**
ALAMEDA COUNTY

June 10, 2011

CLERK OF
THE SUPERIOR COURT
By Denise Dalton, Deputy

CASE NUMBER:

**HG11575071**

1 BRIAN CRONE, State Bar No. No. 191731
ERICK C. TURNER, State Bar No. 236186
2 BERRY & BLOCK LLP
2150 River Plaza Drive, Suite 415
3 Sacramento, CA 95833
(916) 564-2000
4 (916) 564-2024 FAX

5
Attorneys for Defendant
6 WALGREEN CO.

7
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
**FOR THE COUNTY OF ALAMEDA**
9

10 MOHAMMED KHAN,                         ) Case No. HG11575071
                                         )
11     Plaintiff,                        )
                                         ) **DEFENDANT WALGREEN CO.'S**
12 v.                                    ) **ANSWER TO PLAINTIFF**
                                         ) **MOHAMMED KHAN'S UNVERIFIED**
13 WALGREENS CO., a corporation; and     ) **COMPLAINT**
   DOES 1-50 inclusive,                  )
14                                       )
       Defendants.                       ) *Complaint filed: 5/10/2011*
15                                       )
                                         )
16 _____)

17 TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

18      Defendant Walgreen Co., ("Walgreens") hereby answers the unverified Complaint

19 ("Complaint") filed by Plaintiff Mohammed Khan ("Plaintiff") as follows:

20                              **GENERAL DENIAL**

21      Pursuant to California Code of Civil Procedure section 431.30, Walgreens denies,

22 generally and specifically, each and every purported allegation and cause of action in the

23 Complaint, and denies that Plaintiff sustained injuries or damages in any sum, or at all.

24                           **AFFIRMATIVE DEFENSES**

25                         **FIRST AFFIRMATIVE DEFENSE**

26      As a first affirmative defense, Walgreens pleads that Plaintiff's Complaint, and each and

27 every claim purportedly set forth therein, fails to state facts sufficient to constitute a claim or

28 claims upon which relief can be granted.

---
1

**DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF MOHAMMED KHAN'S UNVERIFIED COMPLAINT**

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Walgreens pleads that Plaintiff was an at-will employee, and each personnel action by Walgreens of which Plaintiff complains, if they occurred, were taken for a legitimate reason not prohibited by law or in breach of the terms of any agreement between the parties.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Walgreens pleads that irrespective of any alleged improper motive, which Walgreens denies, Walgreens's decisions regarding Plaintiff's employment would have been the same.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the fact that the alleged conduct by Walgreens was justified under the given circumstances.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, Walgreens plead that Plaintiff has failed to mitigate his damages, if any, by not exercising reasonable efforts and due diligence to obtain suitable alternative employment.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred and/or damages are limited or precluded by the doctrine of after-acquired-evidence.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrines of estoppel and/or waiver.

/ / /

### NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, Walgreens pleads that Plaintiff's damages, if any, were brought about by Plaintiff's own conduct, not the conduct of any Walgreens or any agent of Walgreens.

### TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, Walgreens pleads that Plaintiff's damages, if any, must be set off against any other source of compensation available to Plaintiff, including but not limited to wages and benefits that were or could have been earned at other employment.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, Walgreens pleads that Plaintiff may not recover punitive or exemplary damages against Walgreens as no officer, director, or corporate managing agent committed, ratified or condoned malicious or oppressive conduct.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of consent.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, fails to state facts sufficient to support allegations of oppression, fraud, and/or malice.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, Walgreens pleads that Plaintiff failed to exhaust all the administrative remedies that were prerequisites to filing this action, and therefore this action is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, Walgreens pleads that Walgreens is not liable for Plaintiff's claimed emotional or physical injuries to the extent they arise out of pre-existing physical or mental conditions and/or other non-employment injuries or life stressors.

/ / /

**DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF MOHAMMED KHAN'S UNVERIFIED COMPLAINT**

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a sixteenth affirmative defense, Walgreens pleads that the claims alleged in the Complaint are barred by the doctrine of Workers' Compensation exclusivity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a seventeenth affirmative defense, Walgreens pleads that each of Plaintiff's Causes of Action are barred by the applicable statute of limitations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As an eighteenth affirmative defense, Walgreens pleads that each of Plaintiff's Causes of Action are barred by the doctrine of laches.

WHEREFORE, reserving the right to allege any further affirmative defenses that become apparent during discovery and having fully answered the Complaint, Walgreens prays that Plaintiff's claims be dismissed with prejudice and that Plaintiff take nothing thereby; that Walgreens be awarded judgment in its favor and its attorneys' fees and costs incurred in defense of this action; and such other relief in Walgreens' favor as the Court deems just and proper.

DATED:  June 10, 2011

BERRY & BLOCK LLP

By _____
BRIAN SAMUEL CRONE
ERICK C. TURNER
Attorneys for Defendant

4

1  *Kahn v. Walgreens, et al.*
   Alameda Superior Court, Case No. HG11575071

2

3                          **DECLARATION OF SERVICE**

4       I am a citizen of the United States, over the age of 18 years, and not a party to or
   interested in this action. I am an employee of Berry & Block LLP, and my business address is

5  2150 River Plaza Drive, Suite 415, Sacramento, CA 95833. On this day I caused to be served the
   following document(s):

6  **DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF MOHAMMED KHAN'S**
                            **UNVERIFIED COMPLAINT**

7

8  ☒    by placing ☐ the original ☒ a true copy into sealed envelopes addressed and served as
        follows:

9       **Attorney for Plaintiff**
10      Nicholas J. Scardigli
        Peter A. Devencenzi
11      MAYALL, HURLEY, KNUTSEN, SMITH
        & GREEN
12      2453 Grand Canal Boulevard, 2nd Floor
        Stockton, CA 95207

13 ☒    **BY MAIL:** I am familiar with this firm's practice whereby the mail, after being placed in
        a designated area, is given fully prepaid postage and is then deposited with the U.S. Postal
14      Service at Sacramento, California, after the close of the day's business.

15 ☐    **BY PERSONAL DELIVERY**: I caused such envelope to be delivered by hand.

16 ☐    **BY OVERNIGHT COURIER:** I caused such envelope to be placed for collection and
        delivery in accordance with standard overnight delivery procedures for delivery the next
17      business day.

18 ☐    **BY FACSIMILE:** I caused such documents(s) to be transmitted by facsimile
        transmission from (916) 564-2024 to the person(s) and facsimile transmission without
19      number(s) shown about. The facsimile transmission was reported as complete without
        error and a transmission report was properly issued by the transmitting facsimile machine.
20      A true and correct copy of the transmission report will be attached to this proof of service
        after facsimile service is completed.
21

22 ☐    **BY FEDERAL ELECTRONIC FILING:** I caused such document(s) to be
        electronically filed with the Clerk of the Court using the CM/ECF system, which will send
23      notification of such filing and copies of the document(s) to the parties.

24      I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct. Executed on *June 10, 2011*, at Sacramento, California.

25

26

27                                    _____
                                      Jenny O'Shaughnessy
28

---

                              **PROOF OF SERVICE**

Exhibit C

1  BRIAN CRONE, State Bar No. 110219
   ERICK C. TURNER, State Bar No. 236186
2  BERRY & BLOCK LLP
   2150 River Plaza Drive, Suite 415
3  Sacramento, CA  95833
   (916) 564-2000
4  (916) 564-2024 FAX

5

   Attorneys for Defendant
6  WALGREEN CO.

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                     FOR THE COUNTY OF ALAMEDA
9

10 MOHAMMED KHAN,                        ) Case No. HG11575071
                                         )
11         Plaintiff,                     ) **DEFENDANT WALGREEN CO.'S**
                                         ) **NOTICE TO STATE COURT OF**
12 v.                                     ) **REMOVAL OF CIVIL ACTION TO**
                                         ) **FEDERAL COURT**
13 WALGREENS CO., a corporation; and     )
   DOES 1-50 inclusive,                  )
14                                        )
           Defendants.                    ) *Complaint filed: 5/10/2011*
15 ─────────────────────────────────────)

16        PLEASE TAKE NOTICE that Defendant WALGREEN CO. filed the attached Notice of

17 Removal in the United States District Court for the Northern District of California, San Francisco

18 Division, effecting removal of this case from the Alameda County Superior Court to the United

19 States District Court for the Northern District of California, San Francisco Division. (See **Exhibit**

20 **A.**)

21        PLEASE TAKE FURTHER NOTICE that the Notice of Removal has been filed in

22 accordance with the provisions of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332 (diversity

23 jurisdiction).

24 ///

25 ///

26 ///

27 ///

28 ///

                                        1
   **DEFENDANT WALGREEN CO.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO**
                              **FEDERAL COURT**

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of the

2    Notice of Removal effects the removal of the above-styled action to the United States District

3    Court, and this Court may proceed no further unless and until the case is remanded.

4

5

     DATED:  June 14, 2011                              BERRY & BLOCK LLP

6

7                                                       By_____

8                                                          BRIAN CRONE
                                                           ERICK C. TURNER
9                                                          Attorneys for Defendant
                                                           WALGREEN CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                   2
     DEFENDANT WALGREEN CO.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO
                                         FEDERAL COURT

Exhibit D

1    BRIAN CRONE, State Bar No. 191731
     ERICK C. TURNER, State Bar No. 236186
2    BERRY & BLOCK LLP
     2150 River Plaza Drive, Suite 415
3    Sacramento, CA 95833
     (916) 564-2000
4    (916) 564-2024 FAX

5

6    Attorneys for Defendant
     WALGREEN CO.

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                  **FOR THE COUNTY OF ALAMEDA**

9

10   MOHAMMED KHAN,              ) Case No. HG11575071
                               )
11       Plaintiff,                 )
                               ) **DEFENDANT WALGREEN CO.'S**
12   v.                          ) **NOTICE TO ADVERSE PARTY OF**
                               ) **REMOVAL OF CIVIL ACTION TO**
13   WALGREENS CO., a corporation; and ) **FEDERAL COURT**
     DOES 1-50 inclusive,           )
14                                )
         Defendants.           ) *Complaint filed: 5/10/2011*
15                                )

16       PLEASE TAKE NOTICE that on June 15, 2011, Defendant Walgreen Co. filed a Notice

17 of Removal with the Clerk of the United States District Court for the Northern District of

18 California, San Francisco Division. A copy of said notice and attachments thereto are attached

19 hereto as **Exhibit A.**

20

21 DATED: June 14, 2011                   BERRY & BLOCK LLP

22

23                               By_____
                                  BRIAN CRONE
24                                   ERICK C. TURNER
                                  Attorneys for Defendant
25                                   WALGREEN CO.

26

27

28

                                          1